## Case No. 9,011.
### MANDEVILLE v. JAMESSON.
[1 Cranch, C. C. 509.] [1]
Circuit Court, District of Columbia. July Term, 1808.

INSOLVENCY—BENEFIT OF ACT—PETITION OF CREDITOR.

Upon the petition of a creditor of an insolvent debtor to deprive him of the benefit of the insolvent act [2 Stat. 239], the defendant may show that the petitioner is not his creditor.

This was a petition to deprive the defendant of the benefit of the insolvent law, filed under the seventh section, upon an allegation that the defendant had given a preference to one of his creditors in a deed to La Mar, in trust to pay a debt due Margaret Jamesson in Ireland.

Mr. Jones, for defendant. Upon the insolvency of the defendant, this property was all given up to his trustee. If the deed be void, there was no preference given. An abortive attempt to give a preference is not within the meaning of the law. The words are, "assigned or conveyed any part of his property to give a preference to any creditor or creditors;" "or of having given any preference as aforesaid." 2 Stat. 239. There must be a disposition, or lessening of his property. A conveyance means a legal and valid conveyance, whereby the property passes.

CRANCH, Chief Judge, suggested a doubt whether the defendant should be permitted to go into proof that the petitioner is not a creditor, supposing it to be a matter to be decided ex parte at the time of the insolvent's application, and that prima facie evidence is sufficient.

THE COURT, however, (DUCKETT, Circuit Judge, absent,) went into an examination of the evidence, and was of opinion that the petitioner was a creditor, and that the deed was made with intent to give a preference.

But THE COURT, by the consent of the parties, continued the cause to the next term.

---

MANDEVILLE (JANNEY v.). See Case No. 7,213.

MANDEVILLE (LEWIS v.). See Case No. 8,326.

---

## Case No. 9,012.
### MANDEVILLE v. LOVE.
[2 Cranch, C. C. 249.] [1]
Circuit Court, District of Columbia. Oct. Term, 1821.

JUDGMENT—SUPERSEDEAS—SURETIES.

A judgment of the circuit court cannot be superseded without two sureties.

[Cited in Chesapeake & Ohio Canal Co. v. Bancroft, Case No. 2,644.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Wallach, for defendant, moved the court to quash an execution which had issued upon a supersedeas of a judgment of this court, acknowledged by the original defendant and one surety only; whereas the act of Maryland of 1791, c. 67, requires two.

Mr. Lear, for plaintiff.

THE COURT (nem. con.) quashed the execution.

---

## Case No. 9,013.
### MANDEVILLE v. McDONALD et al.
[3 Cranch, C. C. 631.] [1]
Circuit Court, District of Columbia. May Term, 1829.

JUDGMENT — DECEASE OF DEFENDANT — SCIRE FACIAS AGAINST TERRE-TENANTS — DEFECTIVE RETURN — MOTION TO QUASH RETURN—PLEA OF OTHER TERRE-TENANTS.

1. The remedy for a defective return of a scire facias against terre-tenants is not a plea in abatement, nor a motion by the defendants to quash the writ, but a motion to quash the return; but the return may be amended. The defendants may lay a rule on the plaintiff to declare; and the marshal's return of the scire facias will make part of the declaration, and the defendants will have time to plead.

2. The terre-tenants warned may plead, in delay of execution, that there are other terre-tenants, in the same county, not summoned.

Scire facias against the administrator, trustees, and terre-tenants of S. Eliot, deceased.

After stating that a judgment, in favor of the plaintiff, was rendered against the said S. Eliot on the 25th of January, 1820, it commanded the marshal: "That you make known to the heirs of the said S. Eliot, deceased, and the terre-tenant or terre-tenants of all the lands, lots, squares, and tenements in your bailiwick, whereof the said S. Eliot on the 25th of January, 1820, (on which day the judgment aforesaid was rendered,) or ever afterwards was seized, and to William Brent, John G. McDonald, and Frederick May, trustees, and to John G. McDonald, administrator of the said S. Eliot, that they and all of them be and appear," &c., "to show cause, if any they have, why the damages, costs, and charges aforesaid ought not to be levied on those lots, squares, lands, and tenements, and paid to the said James Mandeville, according to the force, form, and effect of the recovery aforesaid, if he the said James Mandeville shall think fit," &c.

The return of the marshal is as follows: "Scire feci William Brent, one of the trustees, November 13, 1827, in presence of J. H. B. and E. M., of the lots below mentioned; scire feci John G. McDonald, one of the trustees and administrator of the same lots, November 19th, 1827, in presence of J. H. B. and E. M. Also scire feci Catharine Mary Eliot, terre-tenant and heir of said lots, and Wallace Eliot, terre-tenant and heir of said lots, November 19, 1827, in presence of R. B. and A. S. W. Also scire feci William Henry Eliot,

[1] [Reported by Hon. William Cranch, Chief Judge.]